UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DOMINIC VITO TAMBURINO,

        Plaintiff,        Case No. 1:12-cv-970

v.        Honorable Janet T. Neff

INGHAM COUNTY PROSECUTOR'S
OFFICE et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff is incarcerated in the Gus Harrison Correctional Facility. In his amended complaint (docket #10), Plaintiff sues Ingham County Prosecutor Stuart J. Dunnings, III; Ingham County Court Clerk Mike Bryanton; "Ingham County Adult Probation/MDOC," Ingham Court Recorder Susan Melton and Michigan Department of Corrections (MDOC) Director Daniel Heyns.

Plaintiff pleaded guilty in the Ingham County Circuit Court to one count of second-degree home invasion. Under the plea agreement, Plaintiff was to receive a sentence of not more than one year in the county jail. On July 20, 2005, the trial court sentenced Plaintiff to ten months in the county jail with 198 days of time served, to be followed by three years of probation. Plaintiff completed his jail sentence and was released on probation on August 19, 2005. As a result of repeated probation violations, Plaintiff's probation was revoked and he was sentenced on June 7, 2007, to imprisonment of eighteen months to fifteen years. Plaintiff's allegations are difficult to follow, but he appears to claim that, under the Pre-sentence Investigation Report, he is entitled to a total of 304 days of time served between September 8, 2004 and his sentencing on July 20, 2005. Plaintiff claims that the MDOC has failed to give him credit for the full 304 days in violation of the plea agreement. He further contends that the transcripts from the plea and sentencing hearings in his criminal case would support his claim, but his requests for copies of the transcripts have been denied.

Plaintiff seeks injunctive relief and monetary damages.

**Discussion**

Plaintiff claims that he has not been properly credited for time served, thereby extending his term of incarceration. Where a prisoner is challenging the very fact or duration of his

physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Because Plaintiff's claims against Defendants Dunnings, Ingham County Adult Probation/MDOC and Heyns concern only a challenge to the duration of his sentence, they must be dismissed from this action. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

Assuming for purposes of this opinion that Plaintiff could bring a civil rights action against Defendants Bryanton and Melton regarding their failure to provide him with copies of the transcripts from his criminal case, his claim must fail. Since Plaintiff filed this action, the Ingham County Circuit Court granted Plaintiff's request for a copy of the transcripts in his criminal case. (*See* 12/6/12 Order of the Ingham County Circuit Court, docket #13-1, Page ID#86.) In light of the state court's order, Plaintiff's request for injunctive relief is rendered moot.

Furthermore, Defendants Bryanton and Melton are immune from Plaintiff's claims for monetary damages. Absolute judicial immunity is extended to non-judicial officers who perform "quasi-judicial" duties. "Quasi-judicial immunity extends to those persons performing tasks so

integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (probate court administrator entitled to quasi-judicial immunity for his role in carrying out the orders of the court) (citing *Scruggs v. Moellering*, 870 F.2d 376 (7th Cir. 1989)); *see also Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997) (one who acts as a judge's designee in carrying out a function for which the judge is immune is also protected from suit seeking monetary damages); *Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988) (clerk of court was entitled to quasi-judicial immunity for issuing a warrant as directed by the court); *accord Carlton v. Baird*, No. 03-1294, 2003 WL 21920023, at *1 (6th Cir. Aug. 8, 2003) (state court clerk's office employees were entitled to quasi-judicial immunity from state prison inmate's § 1983 claim); *Lyle v. Jackson*, No. 02-1323, 2002 WL 31085181, at *1 (6th Cir. Sept. 17, 2002) (quasi-judicial immunity applied to claims against state court clerks who allegedly failed to provide prisoner with requested copies of previous filings and transcripts); *Bradley v. United States*, 84 Fed. App'x 492, 493 (6th Cir. 2003) (federal court clerk immune from suit for alleged delays in petition because quasi-judicial function.); *Washington v. Shelby County*, No. 88-6321, 1989 WL 63896 (6th Cir. 1989) (court reporter is entitled to judicial immunity when acting within the scope of his or her official duties). Defendants Bryanton and Melton clearly were acting on behalf of the court when they denied Plaintiff's request for transcripts. Because Defendants are entitled to quasi-judicial immunity, Plaintiff may not maintain an action against them for monetary damages.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (overruled on other grounds) (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  February 13, 2013                  /s/ Janet T. Neff
                                           Janet T. Neff
                                           United States District Judge